UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )     C.A. No. 06-2134 JDB
                                        )
U.S. POSTAL SERVICE,                    )
                                        )
            Defendant.                  )
                                        )
_____)

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant respectfully moves, pursuant to Fed. R. Civ. P. 12(b) (1), and (6), to dismiss

this action.  In the alternative, this Court should enter summary judgment in favor of Defendant,

pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the

defendant is entitled to judgment as a matter of law.[1]

_____

   [1]  Plaintiff should take notice that any factual assertions contained in the documents in
support of this motion will be accepted by the Court as true unless the plaintiff submits his own
affidavit or other documentary evidence contradicting the assertions in the documents.  See Neal
v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

      Supporting and opposing affidavits shall be made on personal knowledge, shall
      set forth such facts as would be admissible in evidence, and shall show
      affirmatively that the affiant is competent to testify to the matters stated therein.
      Sworn or certified copies of all papers or parts thereof referred to in an affidavit
      shall be attached thereto or served therewith.  The court may permit affidavits to
      be supplemented or opposed by depositions, answers to interrogatories, or further
      affidavits.  When a motion for summary judgment is made and supported as
      provided in this rule, an adverse party may not rest upon the mere allegations or
      denials of the adverse party's pleading, but the adverse party's response, by
      affidavits or as otherwise provided in this rule, must set forth specific facts
      showing that there is a genuine issue for trial.  If the adverse party does not so
      respond, summary judgment, if appropriate, shall be entered against the adverse
      party. Fed. R. Civ. P. 56(e).

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.  A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,


_____//_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____//_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____//_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAMON ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-2134 JDB |
| | ) | |
| U.S. POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

INTRODUCTION

Plaintiff has requested one item in a Freedom of Information Act ("FOIA")[1] request to the

United States Postal Service ("USPS").  As set forth in the accompanying Declarations of Nicole

Ray and Joyce Blakley, the USPS has found no responsive documents in its files.  This action

should therefore be dismissed or summary judgment granted in favor of the Defendant.

ARGUMENT

In a FOIA request received by the USPS on June 5, 2006 and dated May 27, 2006,

Plaintiff made the following request:  "Do you have any listing of the address: '3696 Sellman

Road, Beltsville, Md.,' In the year of 1996-1997?'"  Ray Decl. at 4. and  Blakley Decl. at 4., and

Exhibit A to each declaration.  On July 11, 2006, defendant acknowledged receipt of plaintiff's

request, and informed plaintiff the Postal Service does not keep a centralized file of the

whereabouts of its customers because it delivers to addresses or delivery points, and not to

---

[1]  See 5 U.S.C. § 552.

individuals.  In addition, defendant informed plaintiff that any records concerning an individual's change of address or request to have mail forwarded to a new address are only kept on file for two years.  Ray Decl. at 5, Blakley Decl. at 6.  By the time of plaintiff's 2006 request, any responsive records pertaining to an address in 1996 and 1997 would, therefore, have been destroyed. Id.

In addition, defendant's search of its records indicates that the address identified by plaintiff is not a valid delivery point for mail, and defendant consequently has no records in its possession pertaining to this address.  Ray Decl. at 8, Blakley Decl. at 6.  Defendant has searched its records and found no information responsive to plaintiff's request.

In a FOIA action, a plaintiff states a claim only when an agency has improperly withheld agency records.  5 U.S.C. § 552(a)(4)(B).  "[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'"  Trueblood v. U.S. Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. United States State Dept., 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982).  Because there are no records in defendant's possession responsive to Plaintiff's request, this case is now moot and should be dismissed.  See Ray Decl. ¶¶ 5, 8 and Blakley Decl., ¶¶ 6, 9.

The only claim remaining is Plaintiff's request for costs.  See Complaint at p. 2.  "The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section [5 U.S.C. § 552] in which the complainant has substantially prevailed."  5 U.S.C. § 551a(4)(E).  Such relief is, however, not available to the Plaintiff.  See Oil, Chemical & Atomic Workers International Union v. Department of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002)("in order for plaintiffs in FOIA actions to become eligible

for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' either in a

judgment on the merits or in a court-ordered consent decree.") (citing Buckhannon Board & Care

Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 603

(2001)); see also Kay v. Ehler, 499 U.S. 432 (1991) (5 U.S.C. § 552(a)(4)(E) does not authorize

the award of fees to a pro se non-attorney plaintiff); Benavides v. Bureau of Prisons, 993 F.2d

257, 259 (D.C. Cir. 1993). Plaintiff has secured no relief from the Court, and therefore his request

for costs should be denied.

CONCLUSION

WHEREFORE, Defendant respectfully submits that the Court lacks jurisdiction in this

lawsuit and that dismissal is appropriate.

Respectfully submitted,

_____//_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____//_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____//_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C. 20530
(202) 514-7236

–3–

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                            )
                                         )
                Plaintiff,               )
                                         )
        v.                               )    C.A. No. 06-2134 JDB
                                         )
U.S. POSTAL SERVICE,                     )
                                         )
                Defendant.               )
                                         )
_____

STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE

Defendant submits the following statement of material facts as to which there is no genuine dispute:

1. In a Freedom of Information Act ("FOIA") request dated May 27, 2006, Plaintiff requested one item with respect to the listing of "'3696 Sellman Road Beltsville, Md,' In the year of 1996-1997?" Ray Decl. ¶4, Blakley Decl. ¶4.

2. The USPS advised Plaintiff that the retention period for records that may be relevant to his request is two years. Because Plaintiff instituted his request in 2006, records dating from the late 1990s were deleted or destroyed. Ray Decl. ¶5, Blakley Decl. ¶6.

3. The records of the USPS Zip Code system disclose that 3696 Sellman Road, Beltsville, MD 20705 is a non-deliverable address. Ray Decl. ¶8, Blakley Decl. ¶6.

Respectfully submitted,


_____//_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney



_____//_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney



_____//_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

-2-

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, supporting memorandum, statement of material facts, and a proposed Order has been made by mailing copies thereof to:

DAMON ELLIOTT
Fed. No.: 31034-037
F.C.C. U.S.P.- 2
P.O. Box - 1034
Coleman, FL 33521

on this 20th day of February, 2007.


_____//_____
Alexander D. Shoaibi
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DAMON ELLIOTT,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | **Civil Action No. 1:06CV02134** |
| **v.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **JOHN POTTER,** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DECLARATION OF NICOLE RAY

I, **Nicole Ray**, declare the following to be true and correct.  I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1.    I am a Consumer Research Analyst in the Records Office of the United States Postal Service, in Washington, D.C.  I have served in the Records Office at all times relevant to the above-captioned case.

2.    The Manager, Records Officer administers the Postal service release of information and privacy of information programs.  One of the delegated functions of the Records Office is the processing of requests for access to Postal Service records made

1

pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. '552 (1988), and the

Privacy Act of 1974 (PA), 5 U.S.C. '552a (1988).  It is the responsibility of this office to

make the determinations to withhold or to release records of the Postal Service in

accordance with the provisions of both the FOIA and PA, and Postal Service

regulations 39 C.F.R. ' 265.1 et. seq.  I have the delegated authority to release and/or

withhold records requested pursuant to the FOIA and PA, and to advocate the position

of the Postal Service in actions brought under these Acts.


3.    I make the statements herein on the basis of personal knowledge, as well as

information acquired in the performance of my official duties.

CHRONOLOGY

4.    By letter dated May 27, 2006, and received by this office on June 5, 2006, Mr.

Damon Elliott, submitted a FOIA request for any listing of the address for 3696 Sellman

Road Beltsville, Md. in the year of 1996-1997.  (Exhibit A attached hereto).


5.    By letter dated July 11, 2006, receipt of his request was acknowledged and Mr.

Elliott was informed that the Postal Service does not keep a centralized file of the

whereabouts of all of its customers since the Postal Service delivers to addresses or

delivery points rather than individuals.  Any records relating to the current mailing

address change of address, or post office box holder information relating to a postal

customer would have been destroyed at the end of two years.  I also explained that

even if records did exist, they would be protected from release by the Privacy Act, 5

U.S.C. 552a   (Exhibit B, attached hereto).

6.     Mr. Elliott appealed our initial response of no records found even though the

Postal Service does not consider that the letter was a denial of access to records.

(Exhibit B)

7.     In a letter dated August 4, 2006, Mr. Elliott submitted an appeal stating, AI treat the

response to be incorrect because my request wasn't for non-disclosurable (sic)

information.  Mr. Elliott went on to state that, AI request a copy of the street

Location Address on 3696 Sellman Rd. Beltsville, MD 20705 in 1997.  On August

11, 2006, Mr. Elliott's appeal was forwarded to the USPS, Corporate Law

Department for appropriate attention.  (Exhibit C, attached hereto)

8.     I note that reference to the Zip Code Directory discloses that 3696 Sellman Road,

Beltsville, MD 20705 is not a deliverable address.  (See Exhibit D, attached hereto)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2007.

Nicole Ray
Consumer Research Analyst
Records Office
U. S. Postal Service

Damon Elliott 31034-037
F.C.C. U.S.P. 2
P.O. Box 1034
Coleman, Fl. 33521

May 27, 2006
RE: ADDRESS LISTING

Dear Ms. Eyre:

Do you have any listing of the address:
"3696 Sellman Road Beltsville, Md,"
In the year of 1996-1997?
Please refer to the appropiate office if you
don't have the resource(s)?

Thank you please reply)

Sincerely

Damon Elliott

RECORDS OFFICE


**UNITED STATES**
**POSTAL SERVICE**

July 11, 2006

Damon Elliott
31034-037
Federal Corrections Complex
United States Penitentiary - 2
PO Box 1034
Coleman, FL 33521

RE: FOIA Case No. 2006-FPRO-00513

Dear Mr. Elliott:

This responds to your request dated May 27, 2006 for current mailing address, change of address or post office box holder information regarding a postal customer.

The Postal Service does not keep a centralized file of the whereabouts of all of its customers. We have no need for such a file since we deliver to addresses or delivery points rather than to individuals. Nevertheless, a customer who moves may opt to file a change of address order to have his or her mail forwarded to a new address. This information is kept on file for 24 months.

Our change of address orders and post office box holder records are maintained within a Privacy Act system of records (USPS 800.00 – Address Change, Mail Forwarding, and Related Services and USPS 880.000 – Post Office and Retail Services, respectively). These records are protected from disclosure by the Privacy Act, 5 U.S.C. § 552a. Pursuant to subsection (b) of the Act, we are prohibited from complying with your request unless the individual in question consents in writing to the disclosure.

In limited circumstances only, the Privacy Act allows federal agencies to disclose Privacy Act protected information without the written consent of the individual, such as an established routine use or a court order to release them to a third party. There is no routine use or statutory exception that would permit disclosure of the requested records to you. Enclosed herewith is a copy of Postal Service regulations (section 265.6(d) of Title 39, Code of Federal Regulations) governing the disclosure of addresses and box holder information. As you can see, this type of information about an individual or family may not be released except in limited circumstances such as to government agencies and process servers or as required by a subpoena or court order. A request for address or box holder information for the purpose of serving legal process must be in writing and contain all of the information and the certification required at section 265.6(d)(5)(ii)of Title 39, Code of Federal Regulations. Provided all the requirements are met, the request should be sent to the postmaster of the old address.

Furthermore, we consider change of address orders and post office box holder information to be protected from disclosure by Exemptions 3 and 6 of the Freedom of Information Act (FOIA). Exemption 3 applies to information that is exempt from disclosure under another federal statute. The statute relied upon is 39 U.S.C. §410(c)(1), which permits the withholding of the name or address, past or present, of any Postal Service customer. We consider that 39 U.S.C. § 410(c)(1) operates independently and as an exempting statute within the scope of Exemption 3 of

**06 2134**

475 L'ENFANT PLAZA SW, RM. 5821
WASHINGTON DC 20260-5821
(202)268-2608
FAX: (202)268-5353



**FILED**

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 2 -

the FOIA. Exemption 6 permits withholding documents where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy. Any records which contain information concerning particular individuals, may qualify for the exemption's protection. Therefore, records that relate to change of address forms of individuals are "files" within the meaning of the exemption. The disclosure of this information would serve no public interest and would not shed light on the operations of the Postal Service.

If you construe this response to be a denial of your request, you may appeal by writing to the Chief Counsel, Customer Programs, U.S. Postal Service, 475 L'Enfant Plaza SW, Washington DC 20260, within 30 days of the date of this letter. The letter of appeal should include statements concerning this response, the reasons why it is believed to be erroneous, and the relief sought, along with copies of the original request letter, this letter, and any other related correspondence.

Sincerely,

Nicole A. Ray

Enclosure



Damon Elliott 31034-037
F.C.C. U.S.P.
P.O. Box 1034
Coleman, Fl. 33521

August 4, 2006
RE: APPEAL F.O.I.A. CASE NO.
2006-FPRO-00513

Dear Chief Counsel:

    I treat the response to be incorrect
because my request wasn't for non-disclosable
information.
    My F.O.I.A. Request is:
    "I request a copy of the
street Location Address on
3696 Sellman Rd, Beltsville
MD. 20705 in 1997" up
until now.

Sincerely,

Elliott, Damon


**UNITED STATES**
**POSTAL SERVICE**

## Find a ZIP + 4® Code By Address Results

Lookup Another ZIP Code™

 This is a non-deliverable address. Mail sent to this address will be returned.

**This address is NON-DELIVERABLE** 

3696 SELLMAN RD
BELTSVILLE MD  20705 - 2870

Mailing Industry Information

**Related Links**

**Calculate Postage**
Calculate postage for your
letter or package online!
Rate Calculator

**Print Shipping Labels**
Print shipping labels from
your desktop and pay online.
Click-N-Ship®
Other Postage

**Business or
Residence Lookup**

Yellow Pages
Find a business nationwide.
White Pages
Find a residence nationwide.

  powered by **Switchboard**

Site Map    Contact Us    Forms    Gov't Services    Jobs    |    National & Premier Accounts

Copyright © 1999-2005 USPS. All Rights Reserved. Terms of Use    Privacy Policy    NoFEAR Act EEO Data

Postal Inspectors
Preserving the Trust

Inspector General
Promoting Integrity



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                      )
                                    )
                    Plaintiff       )
                                    )
                                    )    Civil Action No.1:06CV2134
        v.                          )
                                    )
                                    )
                                    )
UNITED STATES POSTAL SERVICE,       )
                                    )
                                    )                                    .
                    Defendant       )
_____)

## DECLARATION OF JOYCE J. BLAKLEY

I, **Joyce J. Blakley**, declare the following to be true and correct.  I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1.    I am a paralegal specialist in the Office of the General Counsel for the Postal Service, in Washington, D.C.  I have served in the Office of the General Counsel at all times relevant to the above-captioned case.

2.    The Postal Service is the official custodian of all non-law enforcement records relating to the delivery of mail including address records, maintained by the Postal Service.  One of the delegated functions of my office is the processing of appeals from

denials of requests for access to Postal Service records made pursuant to the Freedom

of Information Act (FOIA), 5 U.S.C. §552 (1988), and the Privacy Act of 1974 (PA), 5

U.S.C. §552a (1988).  I review requests under these Acts which are referred to the

Postal Service, conduct searches to locate responsive records and prepare responses

of the Postal Inspection Service to the requester(s).  It is the responsibility of this office

to make the determinations to withhold or to release records of the Postal Service in

accordance with the provisions of both the FOIA and PA, and Postal Service

regulations 39 C.F.R. § 265.1 et. seq.  I have the delegated authority to release and/or

withhold records requested pursuant to the FOIA and PA, and to advocate the position

of the Postal Inspection Service in actions brought under these Acts.

3.    I make the statements herein on the basis of personal knowledge, as well as

information acquired in the performance of my official duties.

### CHRONOLOGY

4.    By letter dated May 27, 2006, Mr. Damon Elliott, submitted a FOIA request for,

"…any listing of the address: '3696 Sellman Road Beltsville, Md' in the year of 1996-

1997" (Exhibit A attached hereto).


5.    By letter dated July11, 2006, receipt of his request was responded to by Nicole A.

Ray.  (Exhibit B, attached hereto).


6.    Postal Zip Code records do not list 3696 Sellman Road, Beltsville Maryland 20705

as a valid delivery point for mail and Mr. Elliott was advised that any record for the year

1996-1997 would be beyond the retention date of two years. (Exhibit C attached hereto)

7.    By letter dated August 4, 2006, received in the Corporate Law Office August 11, 2006, Mr. Damon Elliott appealed the July 11, 2006, response of the Records Office stating that he did not want non-disclosable information,  he said, "I request a copy of the Street Location Address on 3696 Sellman Rd. Beltsville, MD 20705."

8.    By letter dated September 8, 2006, I wrote a response for the Chief Counsel, Customer Programs, which explained that the Postal Service no longer provides directory service (looking up street addresses) except with regard to certain types of mail (not here relevant).  I advised that his request does not fall into any of the categories eligible for that service.  I advised that the initial response was upheld. Furthermore, the FOIA pertains to the release of documents and not to provide explanations, create documents or to answer questions.  See Exhibit  D attached hereto

9.    No responsive records were found relevant to this request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2007.

Joyce J. Blakley
Paralegal Specialist
Office of the Chief Counsel

3

Damon Elliott 31034-097
F.C.C. U.S.P.-2
P.O. Box 1034
Coleman, Fl. 33521

May 27, 2006
RE: ADDRESS LISTING

Dear Ms. Eyre:

Do you have any listing of the address:
"3696 Sellman Road Beltsville, Md,"
In the year of 1996-1997?
Please refer to the appropiate office if you
don't have the resource (s)?

Thank you please reply

Sincerely

Damon Elliott

RECORDS OFFICE


**UNITED STATES
POSTAL SERVICE**

July 11, 2006

Damon Elliott
31034-037
Federal Corrections Complex
United States Penitentiary - 2
PO Box 1034
Coleman, FL  33521

RE: FOIA Case No. 2006-FPRO-00513

Dear Mr. Elliott:

This responds to your request dated May 27, 2006 for current mailing address, change of
address or post office box holder information regarding a postal customer.

The Postal Service does not keep a centralized file of the whereabouts of all of its customers.
We have no need for such a file since we deliver to addresses or delivery points rather than to
individuals.  Nevertheless, a customer who moves may opt to file a change of address order to
have his or her mail forwarded to a new address.  This information is kept on file for 24 months.

Our change of address orders and post office box holder records are maintained within a Privacy
Act system of records (USPS 800.00 – Address Change, Mail Forwarding, and Related Services
and USPS 880.000 – Post Office and Retail Services, respectively).  These records are protected
from disclosure by the Privacy Act, 5 U.S.C. § 552a.  Pursuant to subsection (b) of the Act, we
are prohibited from complying with your request unless the individual in question consents in
writing to the disclosure.

In limited circumstances only, the Privacy Act allows federal agencies to disclose Privacy Act
protected information without the written consent of the individual, such as an established routine
use or a court order to release them to a third party.  There is no routine use or statutory
exception that would permit disclosure of the requested records to you.  Enclosed herewith is a
copy of Postal Service regulations (section 265.6(d) of Title 39, Code of Federal Regulations)
governing the disclosure of addresses and box holder information.  As you can see, this type of
information about an individual or family may not be released except in limited circumstances
such as to government agencies and process servers or as required by a subpoena or court
order.  A request for address or box holder information for the purpose of serving legal process
must be in writing and contain all of the information and the certification required at section
265.6(d)(5)(ii)of Title 39, Code of Federal Regulations.  Provided all the requirements are met, the
request should be sent to the postmaster of the old address.

Furthermore, we consider change of address orders and post office box holder information to be
protected from disclosure by Exemptions 3 and 6 of the Freedom of Information Act (FOIA).
Exemption 3 applies to information that is exempt from disclosure under another federal statute.
The statute relied upon is 39 U.S.C. §410(c)(1), which permits the withholding of the name or
address, past or present, of any Postal Service customer.  We consider that 39 U.S.C. §
410(c)(1) operates independently and as an exempting statute within the scope of Exemption 3 of

**06 2134**

475 L'ENFANT PLAZA SW, RM. 5821
WASHINGTON DC  20260-5821
(202)268-2608
FAX: (202)268-5353



**FILED**

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 2 -

the FOIA. Exemption 6 permits withholding documents where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy. Any records which contain information concerning particular individuals, may qualify for the exemption's protection. Therefore, records that relate to change of address forms of individuals are "files" within the meaning of the exemption. The disclosure of this information would serve no public interest and would not shed light on the operations of the Postal Service.

If you construe this response to be a denial of your request, you may appeal by writing to the Chief Counsel, Customer Programs, U.S. Postal Service, 475 L'Enfant Plaza SW, Washington DC 20260, within 30 days of the date of this letter. The letter of appeal should include statements concerning this response, the reasons why it is believed to be erroneous, and the relief sought, along with copies of the original request letter, this letter, and any other related correspondence.

Sincerely,

Nicole A. Ray

Enclosure

 **UNITED STATES POSTAL SERVICE.**

USPS Home | FAQs

ZIP Code Lookup

## Find a ZIP + 4® Code By Address Results

Lookup Another ZIP Code™

⚠ This is a non-deliverable address. Mail sent to this address will be returned.

This address is NON-DELIVERABLE 🔲

3696 SELLMAN RD
BELTSVILLE MD 20705 - 2870

Mailing Industry Information

**Related Links**

**Calculate Postage**
Calculate postage for your
letter or package online!
Rate Calculator

**Print Shipping Labels**
Print shipping labels from
your desktop and pay online.
Click-N-Ship®
Other Postage

**Business or
Residence Lookup**

Yellow Pages
Find a business nationwide.
White Pages
Find a residence nationwide.

  powered by **Switchboard**

Site Map     Contact Us     Forms.     Gov't Services     Jobs     |     National & Premier Accounts

Copyright © 1999-2005 USPS. All Rights Reserved. Terms of Use     Privacy Policy     NoFEAR Act EEO Data

🛡 Postal Inspectors
Preserving the Trust

🛡 Inspector General
Promoting Integrity



02/08/2007   15:32   3010955070L   CAPITAL METRO LAW   PAGE 16/20

CORPORATE LAW


**UNITED STATES**
**POSTAL SERVICE**

September 8, 2006

Mr. Damon Elliott
#31034-037
Federal Corrections Complex
United States Penitentiary – 2
PO Box 1034
Coleman, FL 33521-1034

Freedom of Information Act Appeal 06-139

Dear Mr. Elliott:

This responds to your letter dated August 4, 2006, received by our office on
August 11, 2006. In that letter, you appeal the denial of your Freedom of
Information Act (FOIA) request.

As background, by letter dated May 11, 2006, you requested information relating
to the verification of the street address identified as "3695 Sellman Road,
Beltsville, MD 20705 in 1997 until now." By letter dated July 11, 2006, Nicole A.
Ray, Records Office, denied your initial request pursuant to Exemptions 3 and 6
FOIA. 5 U.S.C. § 552(b)(3), (b)(6). You then submitted this appeal.

We understand why you might feel that we should take the time to look up a
mailing address for you, since many years ago, when mail volume was much
lighter, we provided directory service for all First-Class Mail letters. Now,
however, we only provide directory service for obviously perishable items,
Express Mail items, and noncircular international, registered, insured, certified,
and COD mail items. Your request does not fall into any of those categories.

After review, we uphold Ms. Ray's initial decision but for the reasons stated
below. We uphold the initial decision with respect to your request for information
for address verification pursuant to FOIA Exemption 6.



Before addressing the merits of your request for address verification, we first direct your attention to a preliminary issue. In your appeal, you request information not documents. We interpret this request to require that a report be created for you. The FOIA is a record and documents statute that permits access only to federal agency records unless the records qualify for one of several exemptions. See 5 U.S.C. §552(a)(3), (b)(1)-(9). Under the FOIA, an individual may only obtain access to records "written or transcribed to perpetuate knowledge or events." DiViao v. Kelly, 571 F.2d 538, 542-43 (10th Cir. 1978). (citing Nichols v. United States, 325 F. Supp. 130 (D. Kan. 1971), aff'd, 460 F.2d 671 (10th Cir. 1972)). The core purpose of the FOIA is to provide the public with information about the conduct of government agencies. The FOIA does not require the Postal Service to provide you with explanations or other information that is not contained in agency records. Although a custodian may respond to questions posed of the government at his or her discretion, the FOIA neither requires an agency to answer questions disguised as a FOIA request, DiViao, 571 F.2d at 542, nor compels an agency to create documents or opinions in response to an individual's request for information. See N.L.R.B. v. Sears, Roebuck and Co., 421 U.S. 132, 162 (1975). In sum, the FOIA does not require compliance with your request to the extent you seek generation of a report not in agency records.

Further, the FOIA does not require the Postal Service to release the address information that you seek. As information, postal regulations permit the release of certain address information for limited purposes, such as service of process. 39 C.F.R. § 265.6(d)(5)(ii).[1]

FOIA Exemption 6 exempts from mandatory disclosure "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Any records that contain information pertaining to a particular individual may qualify for protection under Exemption 6. See Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982). Once this threshold has been satisfied, the agency must determine whether disclosure of the records would "constitute a clearly unwarranted invasion of personal privacy," which requires a balancing of the privacy interest and the public interest involved. Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976). We do not consider that there is a sufficient public interest in disclosure of an individual's signature to overcome an individual's privacy interest in such information. For purposes of the FOIA, the public interest favoring disclosure must be the interest of the public in general—shedding light on the conduct of federal agencies—and not the particular interest of the requester. National Association of Retired Federal Employees v. Horner, 879 F.2d at 879. Thus, your personal interest in obtaining the records does not weigh in favor of disclosure. See Massey v. FBI, 3 F.3d 620, 625 (2d Cir. 1993).

---

[1] Also enclosed with this letter is a copy of Postal Service Handbook AS-353 § 5-2(d).

This is the final decision of the Postal Service on your right of access pursuant to the FOIA to these records. You may seek judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

I am sorry that our response can not be more favorable. Thank you for your interest.

For the General Counsel,

Anthony F. Alverno
Chief Counsel
Customer Programs

Enclosure

cc:      N. A. Ray

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DAMON ELLIOT,** | ) | |
| | ) | |
| **Plaintiff pro se,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-2134 (JDB)** |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER**</u>

       **UPON CONSIDERATION** of defendant's motion to dismiss, or in the alternative , for summary judgment, plaintiff's opposition, and any reply, it is hereby **ORDERED** that the motion is **GRANTED**, and that plaintiff's complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007