UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-2134 JDB |
| | ) |
| U.S. POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

As stated in its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Defendant has provided to plaintiff all information in its possession regarding the street address in question. In response to his original request for "any listing of the address '3696 Sellman Road, Beltsville, Md., In the year of 1996-1997," defendant informed plaintiff that the Postal Service does not keep a centralized file of the whereabouts of its customers because it delivers to addresses or delivery points, and not to individuals. In addition, defendant informed plaintiff that any records concerning an individual's change of address or request to have mail forwarded to a new address are only kept on file for two years." (Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Ray Decl. at 4. & Blakley Decl. at 4., and Exhibit A to each declaration). Plaintiff subsequently modified his request, seeking "...'a copy of the Street Location Address on 3696 Sellman Rd. Beltsville, MD 20705 in 1997' up until now." (Ray Decl., Exhibit C). As stated in the declarations of USPS Consumer Research Analyst Nicole Ray and USPS General Counsel paralegal Joyce Blakely, search of the Postal Service Zip Code records do not list 3696 Sellman Road, Beltsville, Maryland 20705 as a valid delivery point for mail. (Ray

Decl. at 8; Blakely Decl. at 6).

In his opposition to defendant's dispositive motion, plaintiff supplements his original request. Specifically, plaintiff states that he has no interest in the whereabouts of individuals who may have been living at that address. (Plaintiff's Opposition at 3). Rather, he seeks "street verification to the requested address." (Id.). According to defendant, he was convicted in U.S. District Court in Maryland of a criminal offense that, according to at least one government witness, occurred at the address in question. (Plaintiff's Opposition at 1). Assumedly, plaintiff through his request is simply seeking confirmation that such an address exists, or, more specifically, that 3696 Sellman Road, Beltsville, Maryland 20705 was an actual location during the described time period

Although the search of the zip code records by declarants Ray and Blakely referenced in defendant's initial dispositive motion indicate that the address at issue was not a valid delivery point for mail, defendant has obtained an additional declaration from John P. Miller, Manager of the Capital District Address Management System ("AMS") to confirm that no such address exists in defendant records. Mr. Miller in his declaration states that defendant is only responsible for maintaining address information on locations to which defendant delivers mail. (See attached Miller Declaration at ¶ 2). By searching the AMS database and the Zip Code database, Miller confirmed that 3696 Sellman Road, Beltsville, Maryland 20705 is not a valid delivery point for mail, and, therefore, not contained in any address database maintained by the U.S. Postal Service. (Id. at ¶¶ 2 and 6). Miller also contacted the Beltsville Post Office delivery supervisor, who said that the address in question was not a valid delivery point, and, in fact, had not been a delivery point for mail for at least fifteen years. (Id. at ¶ 5).

To satisfy the requirements for summary judgment, all the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results." See Burnes v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S. App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982). To fulfill an agency's obligations under FOIA, the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). But the search need only be reasonable; it does not have to be exhaustive. Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985). In other words, "[t]he question is not 'whether there might exist any other documents, but rather whether the *search* for those documents was adequate.'" Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original). Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate. Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation Magazine v. United States Customs Serv., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

Here, as stated in the declarations of Ms. Blakely and Ms. Ray, a search of Postal Zip Code records do not list 3696 Sellman Road, Beltsville, Maryland 20705 as a valid delivery point for mail. The additional declaration of Capital District Address Management System Manager Miller confirms that neither the AMS or the Zip Code records contain the described address. Importantly, Miller's declaration demonstrates that defendant only has access to addresses that are valid mail delivery points, and that this information is contained in the two databases searched, "the only two places the Postal Service keeps a listing of addresses and delivery points." (Miller Declaration at ¶ 2). Whether 3696 Sellman Road, Beltsville, Maryland, while not a mail delivery point, may in fact be an actual street name and number, is not information in the possession of defendant.

## CONCLUSION

For the foregoing reasons, specifically because USPS conducted an adequate search, it respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

/s/

———————————————————
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/

———————————————————
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
ALEXANDER D. SHOAIBI
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
 (202) 514-7236

## CERTIFICATE OF SERVICE

I certify that the foregoing Reply in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment was served upon Plaintiff *Pro se* by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Damon Elliott
#31034-037
F.C.C. USP-2
Post Office Box 1034
Coleman, Florida 33521

on this 29th day of March  2007.

/s/
_____
ALEXANDER D. SHOAIBI
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT, )
)
       Plaintiff )
)
) Civil Action No. 1:06CV02134
v. )
)
)
)
JOHN POTTER, )
)
)
       Defendants. )

## DECLARATION OF JOHN P. MILLER

I, **John P. Miller**, declare the following to be true and correct to the best of my knowledge. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1. I am the Manager of the Capital District, Address Management Systems ("AMS"), and I am responsible for maintaining the database of delivery points used by the United States Postal Service, in the Capital District, headquartered in Silver Spring, MD. Addresses in the 3600 block of Sellman Road, Beltsville, MD are within the Capital District of the U.S. Postal Service. I have served in this AMS unit for 22 years and at all times relevant to the above-captioned case.

1

2. AMS is the official data base of delivery points as referenced against some, but not all, street addresses. Street addresses are assigned by states or local governments but they are not delivery points unless mail is addressed to them or for other reasons they are not delivery points (i.e. vacant lots, etc.). The Postal Service is not responsible for maintaining address information about addresses to which the Postal Service does not deliver mail, or that have no bearing on the delivery of mail. For example, if an address has not had mail deliveries for 3-5 years due to a variety of conditions, (i.e. the residence being unoccupied, torn down, or otherwise destroyed) that address would be removed from the Postal Service database. The Zip Code Directory and the AMS are the only two places the Postal Service keeps a listing of addresses and delivery points.

3. I researched this address by looking the address up on the AMS system and discovered that the address 3696 Sellman Road, Beltsville, MD is not a delivery point.

4. I also called the post office which would deliver that street, the Beltsville Post Office, Beltsville, MD to ask whether they had any record of that address and found that the Beltsville Post Office has no record of the address. A clerk, formerly a carrier in the office, confirmed that the address is not a delivery point.

5. It appears from talking to the local office that the delivery point was discontinued at least 15 years ago or more.

6. I determined that there is no record of this address, 3696 Sellman Road, Beltsville, MD 20705 at the Beltsville, MD Post Office or in AMS. I also confirmed this fact by looking in the Zip Code database and found the address was not a delivery point. By way of explanation, either the AMS or the Zip Code data base will parrot back the

2

address you put in to the system when you inquire and it will give a statement as to your input not being a delivery point but that does not mean that there is a listing of that address in the system, it just means that there is no listing of a delivery point.

7. I expended about an hour of time doing this research for any record and did not find any record.

8. I make the statements herein on the basis of personal knowledge, as well as information acquired in the performance of my official duties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2007.

*[signature]*
John P. Miller
Manager
Address Management Systems
U. S. Postal Service

3