UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

    Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Civil Action No. 06-2134 (JDB)

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Having considered the motion, plaintiff's opposition, and the entire record of this case, the Court will grant summary judgment for defendant.

I.  BACKGROUND

In May 2006, plaintiff submitted a request for information under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the United States Postal Service ("USPS"). Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mot."), Declaration of Nicole Ray ("Ray Decl.") ¶ 4 & Exhibit ("Ex.") A (May 27, 2006 FOIA Request); *see* Complaint ("Compl.") at 1. Specifically plaintiff sought "any listing of the address '3693 Sellman Road[,] Beltsville, Md,' [i]n the year of 1996-1997." Ray Decl., Ex. A. The USPS construed the request as a request "for current mailing address, change of address or post office box holder information regarding a postal customer." *Id.*, Ex. B (July 11, 2006 letter from N.A. Ray regarding FOIA Case No. 2006-

FPRO-00513) at 1.  The USPS explained that it "does not keep a centralized file of the whereabouts of all of its customers," as it "deliver[s] to addresses or delivery points rather than to individuals."  *Id.*  Further, the USPS explained that, if a postal customer submits a change of address order, that information is maintained for 24 months, *id.,* and presumably then would have been discarded.  Lastly, the USPS notified plaintiff that it "consider[s] change of address orders and post office box holder information to be protected from disclosure by Exemptions 3 and 6 of the [FOIA]."  *Id.*

Plaintiff challenged the USPS response by filing an administrative appeal.  Ray Decl. ¶ 6 & Ex. C (Aug. 4, 2006 FOIA Appeal).  Plaintiff "treat[ed] the response to be incorrect because [it] wasn't for non-disclosurable [sic] information."  *Id.*  He sought "a copy of the street Location Address on 3696 Sellman Rd[,] Beltsville, MD 20705 in 1997."  *Id.*  Again treating plaintiff's request as one for address verification, the Chief Counsel upheld the USPS's initial decision on the ground that the requested information is exempt from disclosure under the FOIA's Exemption 6.  *Id.*, Ex. C (Sept. 8, 2006 letter from A.F. Alverno, Chief Counsel, Customer Programs, USPS, regarding Appeal 06-139) at 1-2.  In addition, because plaintiff's request was one for information rather than for the disclosure of documents, the USPS concluded that the FOIA does not require a response at all.  *Id.* at 2.  According to the USPS, the agency need not create a record or document in order to respond to a FOIA request.  *Id.*

In this action, plaintiff demands disclosure of the requested information and an award of costs pursuant to 5 U.S.C. § 552(a)(4)(E).  Compl. at 2.

## II.  DISCUSSION

### A.  *Summary Judgment Standard*

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  The Court may award summary judgment solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B.  *The USPS's Search for Responsive Records*

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).  The agency is obligated to make "a good

---

[1] In support of its summary judgment motion, defendant submits the declarations of Nicole Ray, Joyce J. Blakley, and John P. Miller.  Ms. Ray is a Consumer Research Analyst in the USPS's Records Office, the office responsible for processing and responding to FOIA requests.  Ray Decl. ¶¶ 1-2.  She is authorized to release or withhold records pursuant to the FOIA.  *Id.* ¶¶ 2-3.  Ms. Blakley is a paralegal specialist with the USPS's Office of the General Counsel.  Blakley Decl. ¶ 1.  The Office of the General Counsel processes administrative appeals of denials of requests for access to USPS records.  *Id.* ¶ 2.  She is authorized to release or withhold records pursuant to the FOIA.  *Id.* ¶¶ 2-3.  Mr. Miller is the Manager of the Capital District, Address Management System.  Miller Decl. ¶ 1.

faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (citing *Weisberg*, 745 F.2d at 1485). An agency may meet its burden by providing an affidavit or declaration which sets forth "the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (citing *Valencia-Lucena*, 180 F.3d at 326).

Plaintiff explains that he did not seek "the whereabouts of [USPS] customers, or records concerning change of address." Plaintiff Opposition Motion ("Pl.'s Opp'n") at 2. Rather, he wants the USPS to "disclose the address location identified as '3696 Sellman Road[,] Beltsville, Maryland 20705.'" Compl. at 2. It appears that defendant ultimately treated the FOIA request as one to verify whether the address plaintiff provided is a valid delivery point for mail. *See* Def.'s Mot. at 2.

The USPS maintains a "database of delivery points used by the [USPS] in the Capital District, headquartered in Silver Spring, MD." Reply to Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Reply"), Declaration of John P. Miller ("Miller Decl.") ¶ 1. The Address Management System ("AMS") "is the official data base of delivery points as referenced against some, but not all, street addresses." *Id.* ¶ 2. Generally, street addresses, which are assigned by state or local governments, are not considered delivery points unless mail is addressed there. *Id.* The USPS "is not responsible for maintaining address information about addressees to which the [USPS] does not deliver mail." *Id.* The USPS "keeps a listing of addresses and delivery points" only in the Zip Code Directory and the AMS. *Id.*

According to the Zip Code Directory, the address 3696 Sellman Road, Beltsville, MD "is not a deliverable address." Ray Decl. ¶ 8 & Ex. D (printout of Zip Code Lookup). A search of the AMS determined that the address 3696 Sellman Road, Beltsville, MD is not a delivery point. Miller Decl. ¶¶ 3-6. A telephone inquiry to a clerk at the Beltsville Post Office, the post office which would deliver to that address, confirmed this fact. *Id.* ¶¶ 4, 6. Indeed, the declarant states that the address 3696 Sellman Road, Beltsville, MD was discontinued as a delivery point at least 15 years ago. *Id.* ¶ 5.

### C. "No Records" Response

Defendant's "search of its records indicates that the address identified by plaintiff is not a valid delivery point for mail," and that, consequently, the USPS has "no records in its possession pertaining to this address." Def.'s Mot. at 2. The USPS is entitled to summary judgment if it "establish[es] that it located no records responsive to plaintiff's request after a reasonable search using 'methods reasonably expected to produce the information requested.'" *Davidson v. Envtl. Prot. Agency*, 121 F. Supp. 2d 38, 39 (D.D.C. 2000) (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d at 68). Its supporting declarations "are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted); *see Maynard v. Central Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993).

The Court has reviewed the USPS's declarations and concludes that its search was "reasonably calculated to uncover all relevant documents." *Valencia-Lucena*, 180 F.3d at 325. The search is not presumed unreasonable because it failed to find all the requested information.

*See Steinberg v. United States Dep't of Justice*, 23 F.3d at 551 (the question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate"). "The fact that a search has yielded no records is immaterial to resolving a FOIA claim." *Toolasprashad v. Bureau of Prisons*, 474 F. Supp. 2d 14, 15 (D.D.C. 2007).

Plaintiff raises questions as to the scope and method of the USPS's search. *See* Pl.'s Opp'n at 3. In addition, he "believe[s] that the search conducted was not adequate, [and] believe[s] that there are more records responsive to his request that the U.S.P.S. failed to locate." Plaintiff's Reply to Defendant's Opposition to the Motion for Summary Judgment at 3. He merely speculates as to the existence of additional records, but such guesses are not sufficient to rebut the resumption of good faith that the defendant's supporting declarations enjoy.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that the USPS conducted an adequate search for records responsive to plaintiff's FOIA request and located no responsive records. Notwithstanding this "no records" response, the USPS has fulfilled its obligations under the FOIA and its motion for summary judgment will be granted. An Order consistent with this Memorandum Opinion will be issued separately.

                                            _____/s/_____
                                            JOHN D. BATES
                                            United States District Judge

Date:  May 30, 2007